Floyd B. GIBBS, Plaintiff–Appellant,

v.

James A. FRANKLIN, Ronald A. Pitcock, Dickie D. Niece, et al., Defendants–Appellees.

No. 93–1907.

United States Court of Appeals, Seventh Circuit.

Argued Dec. 8, 1993.

Decided March 18, 1994.

On Remand from the Supreme Court of the United States Oct. 11, 1994.

Decided March 9, 1995.

Richard A. Waples (argued), Hamid R. Kashani, Indianapolis, IN, for plaintiff-appellant.

Wayne E. Uhl, Dist. Atty. Gen. (argued), Office of the Atty. Gen., Indianapolis, IN, for defendants-appellees.

Before COFFEY and EASTERBROOK, Circuit Judges, and CURTIN, District Judge.*

* Hon. John T. Curtin, of the Western District of     New York, sitting by designation.

COFFEY, Circuit Judge.

This case is before us on remand from the Supreme Court of the United States. On March 18, 1994, this court affirmed the jury verdict in favor of four prison guards sued in their individual capacities by an inmate, Floyd B. Gibbs, who alleged that the guards violated his Eighth Amendment rights when they witnessed Gibbs's beating by other inmates but refused to intervene. *Gibbs v. Franklin*, 18 F.3d 521 (7th Cir.1994). On June 6, 1994, the Supreme Court issued its opinion in *Farmer v. Brennan*, 511 U.S. ——, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994), holding that "a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer*, 511 U.S. at ——, 114 S.Ct. at 1984. On October 11, 1994, the Supreme Court vacated this court's March 18, 1994 judgment and opinion in *Gibbs* and remanded the case for further consideration in light of *Farmer*. *Gibbs v. Franklin*, —— U.S. ——, 115 S.Ct. 307, 130 L.Ed.2d 271 (1994). After the parties filed a Joint Statement of Position pursuant to Circuit Rule 54, this court requested and received supplemental briefs from both parties. We have reviewed the Supreme Court's decision in *Farmer* as well as the supplemental briefs, and conclude that our original judgment and opinion are consistent with the principles announced in *Farmer*.

At trial on Gibbs's 42 U.S.C. § 1983 claim against the four prison guards, the trial judge instructed the jurors that they could find that the guards violated Gibbs's Eighth Amendment rights if the guards failed to intervene in Gibbs's beating "with actual intent to inflict the injury on [Gibbs] or with deliberate indifference to [Gibbs's] welfare." *Gibbs*, 18 F.3d at 523. Over Gibbs's objection, the trial judge instructed the jurors that they could infer a guard acted with deliberate indifference if that guard "had actual knowledge of impending injury to [Gibbs] from the attack and that the injury, or further injury, was readily preventable." *Id.* at 524.

On appeal, Gibbs argued that the instruction should have used the term "reasonably preventable" rather than "readily preventable." He contended that "a prison guard has a duty to take reasonable steps to protect a prisoner even if the impending injury is not 'readily' preventable." *Id.* We disagreed, observing that proof of a prison guard's subjective intent to cause harm is an essential element of an Eighth Amendment claim. *Id.* at 525 (quoting *Duane v. Lane*, 959 F.2d 673, 676 (7th Cir.1992)) ("the plaintiff must establish by a preponderance of the evidence that the guards had knowledge of the attack, that they failed to prevent or stop the attack, and that by failing to prevent or stop the attack they 'wanted harm to come to the prisoner'"). We held that a guard's subjective intent to cause harm could be inferred from a guard's failure to act when the guard had prior actual knowledge of an impending attack that was readily preventable. "If it could be established that the guards had prior actual knowledge of an impending attack that was readily preventable, their failure to timely intervene in Gibbs's beating would suggest that they intended that Gibbs be harmed." *Id.* We noted that "[t]he issue is not whether Gibbs's injury was 'reasonably' or 'readily' preventable; rather, the issue is whether the guards *intended* that Gibbs be injured by their failure to timely intervene." *Id.*; *see also McGill v. Duckworth*, 944 F.2d 344, 349 (7th Cir.1991), *cert. denied*, 503 U.S. 907, 112 S.Ct. 1265, 117 L.Ed.2d 493 (1992). The trial court's instruction concerning the requisite proof of intent for an Eighth Amendment claim was proper, and accordingly, we affirmed the judgment.

On remand, Gibbs seizes upon a single phrase in *Farmer* which refers to the failure of prison officials to "take reasonable measures to abate [the known risk]." *Farmer*, 511 U.S. at ——, 114 S.Ct. at 1984. The full sentence reads: "Accordingly, we reject petitioner's arguments and hold that a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id.* Gibbs urges

this court to interpret this phrase as defining the obligations of prison guards once those guards realize that an inmate faces a substantial risk of serious harm. Gibbs contends that this language implicitly changes the law and compels remand to the district court for a new trial. We disagree.

■ The narrow issue raised in *Farmer* concerned proof of the mental state requirement for an Eighth Amendment claim. In *Farmer*, the Supreme Court reaffirmed that "deliberate indifference," a subjective measure, is the applicable standard by which to judge a prison guard's intent.

> We reject petitioner's invitation to adopt an objective test for deliberate indifference. We hold instead that a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Farmer*, 511 U.S. at ——, 114 S.Ct. at 1979. Our opinion in *Gibbs* employed the same subjective standard. *See Gibbs*, 18 F.3d at 525 (noting that Seventh Circuit precedent "expressly rejected" Gibbs's argument that a prison guard's intent "must be determined by reference to objective standards of reasonableness"). Gibbs reads into the Supreme Court's opinion in *Farmer* a holding that a prison guard's response to actual knowledge of an impending attack must be judged against a standard of objective reasonableness. However, *Farmer* did not squarely address the question of a prison guard's duties or obligations toward an inmate. Rather, *Farmer's* holding was limited to the question of intent: "This case requires us to define the term 'deliberate indifference,' as we do by requiring a showing that the official was subjectively aware of the risk." *Farmer*, 511 U.S. at ——, 114 S.Ct. at 1974. Deliberate indifference, *i.e.*, the subjective intent to cause harm, cannot be inferred from a prison guard's failure to act reasonably. If it could, the standard applied would be more akin to negligence than deliberate indifference. *See id.* at ——, 114 S.Ct.

at 1978 ("deliberate indifference describes a state of mind more blameworthy than negligence"). In light of this, we decline to interpret *Farmer* as announcing a new principle of substantive Eighth Amendment law.

Moreover, the "readily preventable" language in the jury instruction Gibbs challenged had nothing to do with the obligations of the prison guards—that language referred to one way in which the jury could infer intent on the part of the prison guards. In other words, the instruction given to the jury in *Gibbs* clearly allowed the jury to infer intent to cause injury if the prison guards knew of the impending injury and the injury would have been readily preventable had the guards intervened. The "readily preventable" language simply addressed the prison guards' subjective intent; this language did not define the scope of a prison guard's duties or obligations toward inmates.

Upon reconsideration of the parties' Joint Statement and supplemental briefs, we hold that the Supreme Court's decision in *Farmer* does not affect our judgment or opinion in this case.