52 F.3d 328
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Charles BROADUS, Plaintiff-Appellant,
v.
John D. BEATTY, Sheriff of Howard County, Indiana, Defendant-Appellee.
 No. 93-3226.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 4, 1995.*
Decided April 18, 1995.
 
 Before POSNER, Chief Judge, and FAIRCHILD and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Indiana state prisoner Charles Broadus appeals pro se the district court's judgment in favor of defendant, the Sheriff of Howard County (Indiana), in this action brought under 42 U.S.C. Sec. 1983 challenging various aspects of his earlier confinement at the Howard County Jail. Specifically, Broadus appeals the district court's earlier dismissal of Howard County and the County Board of Commissioners from this action. Broadus also appeals the court's conclusions after a bench trial that he was neither denied access to legal materials nor subjected to cruel and unusual conditions of confinement. We affirm.
 
 BACKGROUND
 
 2
 Following his arrest on cocaine and habitual offender charges, Broadus was incarcerated at the Howard County Jail in Kokomo, Indiana from January 5, 1989 to February 2, 1990. He was convicted on October 24, 1989 of the charges against him, and was sentenced to ninety-five years imprisonment.[1]
 
 
 3
 In July, 1991, Broadus--then a prisoner at the Indiana State Prison in Michigan City, Indiana--filed a complaint under 42 U.S.C. Sec. 1983 against Howard County, the Howard County Commissioners, and Howard County Sheriff John D. Beatty, alleging that the conditions of the Howard County Jail and his treatment there were substandard. Broadus alleged that the jail did not provide proper cleaning supplies to inmates, that sleeping quarters were overcrowded, that there was no privacy for the taking of showers, that there were inadequate procedures and equipment in place in the event of a fire or emergency, that the jail lacked qualified medical personnel to dispense medication or provide medical assistance to inmates, that trusties did not wear hair nets or rubber gloves when they handled food trays, that mattresses and utensils were unsanitary and infected, and that the law library at the jail was inadequate. As relief, Broadus sought compensatory and punitive damages. In September 1991, defendants moved to dismiss the complaint for failure to state a claim.
 
 
 4
 In March 1992, the district court dismissed Howard County and its commissioners from this action because these parties could not be held liable to Broadus for the acts of Sheriff Beatty. The court also dismissed Broadus' claim that he was denied access to the courts because of the inadequacy of the jail law library; according to Judge Dillin, Broadus failed to identify any detriment he suffered as a result of the library's deficiencies. The court allowed Broadus to proceed with his claims regarding the conditions of his confinement.
 
 
 5
 After a bench trial in March 1993,[2] the district court entered judgment in favor of Sheriff Beatty. The court held that to the extent that Broadus complained of the lack of an appropriate fire escape, law library, inadequate lighting, heating, cooling, and outdoor recreation, his complaint repeated the allegations of a previously filed class action lawsuit[3] which had resulted in a consent decree supporting the construction of a new detention facility. The court also found that because Broadus had access to a day room where he could eat, exercise, or watch television, he was not subjected to overcrowding that rose to the level of a constitutional violation. In addition, the court found that Broadus failed to prove that the jail's inadequate law library prejudiced him in any way. The court also rejected Broadus' complaints about the shortage of cleaning supplies, unclean mattresses, the lack of privacy for showering, unqualified medical personnel, and unsanitary food service. Finally, the court found no evidence that Sheriff Beatty was deliberately indifferent to Broadus' needs.
 
 
 6
 Broadus appeals.
 
 DISCUSSION
 A. Proper Parties to Lawsuit
 
 7
 Broadus first contends that the district court erred in dismissing Howard County and its Board of Commissioners from this lawsuit. Without elaboration, he asserts that the Board is the "decision making group for the county" and responsible for maintaining the conditions of the jail. Under Indiana law, however, the Howard County Board of Commissioners has no authority to set policies concerning the conditions of confinement at the Howard County Jail. Under Indiana Code Sec. 36-2-13-5(a)(7), the county sheriff bears the responsibility to "take care of the county jail and the prisoners there." Indiana sheriffs are not subject to the authority or control of the county commissioners of the county where they hold office. Radcliff v. County of Harrison, 627 N.E.2d 1305, 1306 (Ind.1994); Hupp v. Hill, 576 N.E.2d 1320, 1326 (Ind.Ct.App.1991). Howard County also has no authority over the county sheriff, Estate of Drayton v. Nelson, --- F.3d ----, No. 94-2217, 1994 WL 715081, at * 2 (7th Cir. Dec.27, 1994). The district court evidently understood Broadus' claim against the county and the county commissioners as a claim that these defendants were responsible for wrongful conduct of the sheriff. On that basis, the court properly dismissed those defendants.
 
 
 8
 We note the possibility that allegations of overcrowding and the like could be construed as a claim that structural inadequacy was the responsibility of the county and resulted in constitutional violations. That theory might support naming the county and the commissioners as defendants. Broadus has not developed that argument on appeal, and in any event, the district court found, after trial, that the conditions of his confinement did not rise to the level of constitutional violations.
 
 B. Access to Legal Resources and Courts
 
 9
 Broadus also challenges the district court's dismissal of his First Amendment claim that he was denied access to legal resources and the courts because of the inadequate law library at the Howard County jail.
 
 
 10
 We review de novo the district court's dismissal of Broadus' First Amendment claim, Pickrel v. City of Springfield, 45 F.3d 1115, 1118 (7th Cir.1995), accepting all well-pleaded allegations as true and construing them in the light most favorable to Broadus. Dell v. Board of Educ., Township High Sch. Dist. 113, 32 F.3d 1053, 1064 (7th Cir.1994). Broadus' claim should not be dismissed unless it appears beyond doubt that he can prove no set of facts in support. Black v. Lane, 22 F.3d 1395, 1403 (7th Cir.1994) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). Because Broadus is proceeding pro se, we construe his claim liberally. Talley v. Lane, 13 F.3d 1031, 1033 (7th Cir.1994).
 
 
 11
 It is well-established that prisoners have a "fundamental constitutional right of access to the courts." Alston v. DeBruyn, 13 F.3d 1036, 1040 (7th Cir.1994) (citing Bounds v. Smith, 430 U.S. 817, 828 (1977)). This right of access extends to pretrial detainees as well as convicted prisoners. Casteel v. Pieschek, 3 F.3d 1050, 1053 (7th Cir.1993). In order to prove a violation of this right, Broadus must show (1) that prison officials failed "to assist in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law,' " Alston, 13 F.3d at 1040-41 (quoting Bounds, 430 U.S. at 828), and (2) that the prison officials' conduct caused some detriment to his pending litigation. See Jenkins v. Lane, 977 F.2d 266, 268 (7th Cir.1992); Shango v. Jurich, 965 F.2d 289, 291 (7th Cir.1992).
 
 
 12
 Broadus has not alleged nor proven that he has suffered any detriment. His complaint states that the library lacked proper legal forms and motions that he needed in order to "build a proper defense" for his case. (Complaint at 5.) However, beyond this, the complaint provides "no specific facts to support these allegations--no court dates missed; no inability to make timely filings; no denial of legal assistance to which he was entitled; and no loss of a case which could have been won." Martin v. Davies, 917 F.2d 336, 340 (7th Cir.1990), cert. denied, 501 U.S. 1208 (1991). Although we have held that dismissal may be premature if based solely on the litigant's failure to allege a general or specific detriment, see Alston, 13 F.3d at 1041-42, the complaint here offers merely the conclusory allegation that Broadus was denied meaningful access to the courts. Compare Jenkins, 977 F.2d at 269 ("[A]n inmate with even minimal legal resources could discover the prejudice requirement, a concept addressed in nearly all of our relevant cases.") Moreover, Broadus did not complain about the adequacy of the library in his response to defendants' motion to dismiss. The district court properly dismissed this claim.[4]
 
 
 13
 In his appellate brief, Broadus asserts for the first time that the inadequate law library at the Howard County Jail prevented him from adequately preparing and filing a complaint for damages and injunctive relief from conditions at the jail, a petition for writ of habeas corpus, and a petition for post-conviction relief. Because Broadus failed to raise these issues before the district court, however, they are waived. United States v. Lopez, 6 F.3d 1281, 1287 (7th Cir.1993).
 
 C. Consent Decree
 
 14
 Broadus next argues that the district court erred in holding that he was included in the class covered by the consent decree entered on April 6, 1992. We find no merit in this argument. The consent decree, by its terms, stated that the action was brought on behalf of all present and future inmates of the Howard County Jail as of October 25, 1988. (Ex. Z to Defendant's Contentions, R. 20 at 4.) That class included Charles Broadus. The district court properly found that Broadus' claims duplicated the allegations of the class action and that these claims were addressed by the consent decree and by the construction of the new jail. Although Broadus' membership in the class does not bar his claim for damages for past actions, the district court rejected this claim on the merits. We decline to disturb the district court's ruling.
 
 D. Conditions of Confinement
 
 15
 Broadus' final argument challenges the district court's finding after trial that the conditions of Broadus' confinement did not rise to the level of an Eighth Amendment violation. In its decision, the district court acknowledged that Broadus' jail experience may have been uncomfortable, but concluded that there was no evidence that Sheriff Beatty was deliberately indifferent to Broadus' needs.
 
 
 16
 We review findings of fact under a clearly erroneous standard. Thornton v. Brown, 47 F.3d 194, 196 (7th Cir.1995); see Fed.R.Civ.P. 52(a). The district court's findings of fact "shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses." Fed.R.Civ.P. 52(a). A finding is clearly erroneous when the reviewing court, based on the evidence before it, maintains the "definite and firm conviction that a mistake has been committed." Thornton, slip op. at 4-5 (internal citations and quotations omitted). We review conclusions of law de novo. Kraushaar v. Flanigan, 45 F.3d 1040, 1052 (7th Cir.1995).
 
 
 17
 Prisoners who claim that conditions of confinement constitute cruel and unusual punishment in violation of the Eighth Amendment must show deliberate indifference on the part of prison officials. Wilson v. Seiter, 501 U.S. 294, 303 (1991); Del Raine v. Williford, 32 F.3d 1024, 1036 (7th Cir.1994) ("[T]he constitutional scienter for an Eighth Amendment conditions-of-confinement claim is deliberate indifference."). A prison official may be found liable for deliberate indifference if he "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 114 S.Ct. 1970, 1979 (1994)). " '[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.' " Id. quoted in Gibbs. v. Franklin, --- F.3d ----, No. 93-1907, 1995 WL 96816, at * 2 (7th Cir. Mar. 9, 1995).
 
 
 18
 The record contains no evidence demonstrating that Sheriff Beatty acted with deliberate indifference with regard to Broadus' conditions of confinement. Broadus' own witness, Walter Smith, the supervisor of Jail Inspection Services for the Indiana Department of Corrections, testified at trial that he never witnessed an attitude of indifference on the part of the sheriff and his staff, and that the sheriff was concerned about the jail conditions and about improving them. (Tr. of 3/8/93 Trial, at 23.) Smith testified that Sheriff Beatty made "every effort to stay on top of the plumbing repairs." Id. He also testified that Beatty adhered to written policies and procedures for administering the jail, keeping it sanitary, and providing adequate medical treatment. Id. at 22. Moreover, Sheriff Beatty's own testimony at trial negated any inference that he acted with deliberate indifference to Broadus. Beatty stated that he sought to bring conditions at the Howard County Jail into compliance with the state jail standards by addressing any violations of which he became aware. Id. at 106. He asserted that in 1989 and 1990, he maintained a practice of meeting with the jail commander five days every week to discuss jail conditions. Id. at 107. Furthermore, in response to specific questions about Broadus' complaints of unsanitary jail conditions, Beatty testified that new mattresses were purchased annually; toilets were replaced as needed; outside plumbers were called in to fix plumbing leaks; and efforts were made to try to accommodate inmates during hot and cold weather. Id. at 108-113.
 
 
 19
 Based upon the testimony at trial, we agree with the district court's observation that the sheriff "did the best he could" with the outdated facilities and attempted to upgrade them. Broadus v. Beatty, No. 91 C 833, slip op. at 5 (S.D.Ind. Aug. 16, 1993). Because Broadus is unable to demonstrate that Sheriff Beatty acted with deliberate indifference in regard to his conditions of his confinement, we conclude that the district court judgment in favor of the sheriff was not clearly erroneous.
 
 CONCLUSION
 
 20
 Although Broadus' jail experience may have been uncomfortable, it did not rise to the level of a constitutional violation. Moreover, the evidence does not show that Sheriff Beatty was deliberately indifferent to the Broadus' needs. Because the district court's findings were not clearly erroneous, its judgment is AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and the record
 
 
 [1]
 Broadus' status during the time he was confined at the Howard County Jail was first that of a pretrial detainee and later that of a convicted prisoner awaiting assignment to a state institution. Claims by pretrial detainees differ from those brought by convicted prisoners because pretrial detainees have not yet been found guilty of any crime and thus cannot be punished. Bell v. Wolfish, 441 U.S. 520, 534 (1979). However, pretrial detainees are entitled to as least as much protection under the due process clause as are convicted prisoners under the Eighth Amendment. Revere v. Massachusetts Gen. Hosp., 463 U.S. 239, 244 (1983); Swofford v. Mandrell, 969 F.2d 547, 549 (7th Cir.1992). We will analyze Broadus' claims under the standards of the Eighth Amendment because an act or practice that violates the Eighth Amendment also violates the Fourteenth Amendment rights of a pretrial detainee. Bell, 441 U.S. at 535 n. 16; Martin v. Tyson, 845 F.2d 1451, 1457 (7th Cir.), cert. denied, 488 U.S. 863 (1988); see also Kost v. Kozakiewicz, 1 F.3d 176, 188 n. 10 (3rd Cir.1993) ("protections of the Eighth Amendment would seem to establish a floor of sorts" for protection accorded pretrial detainees through due process clause)
 
 
 [2]
 Broadus was represented by counsel at trial
 
 
 [3]
 Before Broadus filed his lawsuit, another inmate, Richard R. Turner, had filed a class action on behalf of himself and all other past, present, and future inmates in the Howard County Jail as of October 25, 1988 against Sheriff Beatty, the Howard County Sheriff Department, and the Howard County Commissioners. On April 6, 1992, a consent decree was approved in which Howard County agreed to construct a new detention facility
 
 
 [4]
 Broadus raised this same claim again at trial. On direct examination, he attempted to argue that the resources at the Howard County Jail were insufficient to help him draft a petition to challenge his conditions of confinement. The district court rejected Broadus' offer of proof, however, stating in court that no harm had come to Broadus as a result of the library's limited holdings. (Tr. of 3/8/93 Trial, at 35-36.) In his memorandum of decision, Judge Dillin acknowledged that the law library was inadequate, but noted that Broadus "has not proved any detriment to himself resulting from this fact." Broadus v. Beatty, 91 C 833, slip op. at 4 (S.D.Ind. Aug. 16, 1993). The district court's finding was not clearly erroneous