132 F.3d 36
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Johnny LACY, Jr., Plaintiff-Appellant,
v.
Gerald A. BERGE, et al., Defendants-Appellees.
 No. 96-1932.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 16, 1997.
Decided Dec. 17, 1997.[1]
 
 Appeal from the United States District Court for the Eastern District of Wisconsin, No. 94-C-983; Thomas J. Curran, Judge.
 Before POSNER, Chief Judge, and BAUER and EVANS, Circuit Judges.
 
 ORDER
 
 1
 Johnny Lacy, Jr., a Wisconsin prisoner, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging that defendants, various prison personnel, violated his rights to due process rights, equal protection, and to be free from cruel and unusual punishment, all stemming from a fight between Lacy and another inmate. Brian Lutzow when incarcerated at Fox Lake Correctional Institution. After a de novo review of the record, see Fed.R.Civ.P. 56(c), and the arguments presented by the parties in their appellate briefs, we find that the district court properly entered summary judgment in favor of the defendants on all of the claims
 
 
 2
 Summary judgment was entered in favor of defendant Laura Flood, apparently a prison employee whom Lacy contacted about referring Lutzow for criminal prosecution, for failure to show any personal involvement in the relevant claims. See Black v. Lane, 22 F.3d 1395, 1401 (7th Cir.1994). Lacy failed to identify any role played by Flood, or even her occupation, in his pleadings or summary judgment motion papers.
 
 
 3
 Summary judgment was entered in favor of defendant Sergeant Kok, on the issue of cruel and unusual punishment for refusing to intervene in the fight. Defendants submitted evidence showing that Kok immediately summoned assistance. The district court correctly pointed out several crucial inconsistencies in various statements Lacy had made about Kok's actions taken during the incident. Even assuming that Lacy's allegations about Kok's failure to intervene are true, he still had not shown that Kok had the subjective intent to harm him. See Farmer v. Brennan, 511 U.S. 825 (1994): Gibbs v. Franklin, 49 F.3d 1206, 1207 (7th Cir.1995). He also has not shown that the fight was "readily preventable" or that it would have been reasonable for Kok to intercede in the violence. A prison guard is not required to place himself in the danger of physical harm when two inmates are engaged in a fight. See Gibbs v. Franklin, 49 F.3d 1206, 1208 (7th Cir.1995); MacKay v. Farnsworth, 48 F.3d 491, 493 (10th Cir.1995). Prosser v. Ross, 70 F.3d 1005, 1008 (8th Cir.1995), Arnold v. Jones, 891 F.2d 1370, 1373 (8th Cir.1989) Cf. Wallace v. Adkins, 115 F.3d 427. 429-30 (7th Cir1997). In addition, a complete investigation was held into Lutzow's claim that Lacy had told other inmates that he was going to force Lutzow to perform oral sex on him, and Lacy's opposing claim that he was minding his own business when Lutzow attacked him in the bathroom.
 
 
 4
 Summary judgment was entered in favor of defendant Nurse Rochelle Mayr, on the issue of whether she had failed to render adequate medical care following the fight. Lacy failed to show that Mayr was aware of the medical condition he allegedly developed after the fight. See Farmer v. Brennan, 511 U.S. at 835-36. Immediately after the assault, Lacy was treated by Mayr for cuts and a possible head injury. The fact that Lacy allegedly began to suffer from a "crook" in his neck, headaches and rectal bleeding. and was treated for rectal prolapse, eight months after the fight, does not establish any causal relation to the fight. Notably, there is no evidence that Lacy ever reported these symptoms to Mayr. Even if the allegations are taken as true, there is no evidence of deliberate indifference. The record shows that Lacy's medical treatment after the fight was thorough. Photographs were taken of his injuries (small abrasions on his head and leg, and a small contusion on his knee), antibiotic ointment was applied to his face and knee, a neurological examination was performed, and he was given an ice pack and a prescription for Advil or Tylenol for headaches. In addition, Mayr instructed the security staff to awaken Lacy every two hours to monitor him for changes in his head-injury, symptoms. Lacy did not request any further medical treatment.
 
 
 5
 Summary judgment was entered in favor in favor of defendants on Lacy's claim of inadequate investigation and failure to refer the matter to the prosecutor. (Lacy himself was not disciplined for engaging in the fight.) The alleged violations of state regulations which permit criminal prosecution do not implicate federal constitutional rights. See Colon v. Schneider, 899 F.2d 660, 672-73 (7th Cir.1990), Archie v. Racine, 847 F.2d 1211 (7th Cir.1988) (en banc ). Moreover, Lacy failed to show he has standing to demand that a third person be prosecuted. See Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973), Wikberg v. Reich, 21 F.3d 188, 190 (7th Cir.1994); Harris v. City of Zion. 927 F.2d 1401, 405 (7th Cir.1991).
 
 
 6
 Summary judgment was entered in favor of the other defendants, Gerald A. Berge, Dennis Meier, Paul Pausma, Thomas Gozinske, and Sergeant Kok, on the equal protection claim that they failed to properly investigate the fight, and refused to take disciplinary action against the other inmate because he was white and Lacy is black. The equal protection allegations were conclusory and wholly unsupported by the record. See Lujan v. National Wildlife Federation, 497 U.S. 871, 888 (1990). The two affidavits from other inmates who state generally that black prisoners receive different treatment than whites in Wisconsin prisons are not sufficient to permit the equal protection claim to survive summary judgment.
 
 
 7
 In regard to the question whether the district court judge was biased because he ruled against Lacy on several motions. and thus should have been disqualified, we find no evidence of bias. See Liteky v. United States, 114 S.Ct. 1147 1155-57 (1994), Matter of Huntington Commons v. Associates, 21 F.3d 157, 158 (7th Cir.1994). Nor did the district court abuse its discretion in denying Lacy's motions to appoint counsel See Farmer v. Haas, 990 F.2d 319, 322 (7th Cir.1993).
 
 
 8
 Accordingly, the decision of the district court is AFFIRMED.
 
 
 
 [1]
 After an examination of the benefits and the record, we have concluded that oral argument is unnecessary. and the appeal is submitted on the briefs and the record See Fed. R.App. P. 34(a), Cir. R. 34(f)