Roger Dale **MAJORS**, Plaintiff,

v.

Evelyn **RIDLEY–TURNER**, Stanley Knight, John Doe Idoc Employees, John Doe Prison Health Services Administrator, John Doe Mid–American Health Care Administrator, and Wayne Richmond, Defendants.

No. 3:03–CV–0585 AS.

United States District Court, N.D. Indiana, South Bend Division.

Aug. 18, 2003.

---

Roger Dale Majors, Plainfield, IN, Pro Se.

### MEMORANDUM AND ORDER

ALLEN SHARP, District Judge.

Roger Dale Majors, a *pro se* prisoner, submitted a complaint under 42 U.S.C.

§ 1983. Under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. FED. R. CIV. PRO. 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. The court will apply the same standard under § 1915A as when addressing a motion under Rule 12(b)(6). *Weiss v. Cooley,* 230 F.3d 1027 (7th Cir. 2000).

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Accordingly, pro se complaints are liberally construed.
>
> In order to state a cause of action under 42 U.S.C. § 1983, the Supreme Court requires only two elements: First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. FED.R.CIV.P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

*Alvarado v. Litscher,* 267 F.3d 648, 651 (7th Cir.2001) (citations, quotation marks and ellipsis omitted).

■ Mr. Majors names several defendants, but the basis for all of his claims are his dental problems. Mr. Majors saw Dr. Richmond for a toothache. After consulting with the dentist, he agreed (perhaps reluctantly) with the recommendation to have the tooth pulled. It is an understatement to say that the extraction did not go well. After a week of pain, swelling and infection, Mr. Majors again requested to see the dentist. X-rays were taken which revealed that parts of the tooth and roots were still in the jaw. The dentist then extracted those remaining parts of the tooth. A week later, still in pain, Mr. Majors returned to the dentist and another x-ray was taken. It was discovered that the jawbone had been cut and that two other teeth were damaged. Mr. Majors requested, and saw, another dentist who extracted the two damaged teeth and made a partial plate which does not fit properly. As a result of these events, Mr. Majors has also suffered nerve damage and a loss of feeling on the right side of his face.

■ In medical cases, the Eighth Amendment test is expressed in terms of whether the defendant was deliberately indifferent to the plaintiff's serious medical needs. *Farmer v. Brennan,* 511 U.S. 825, 836, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention, and if untreated could result in further significant injury or unnecessary pain, and that significantly affects the person's daily activities or features chronic and substantial pain. *Gutierrez v. Peters,* 111 F.3d 1364, 1373 (7th Cir.1997). The allegations in the complaint clearly allege a serious medical need.

■ Deliberate indifference is comparable to criminal recklessness, and is shown by "something approaching a total

unconcern for [the plaintiff's] welfare in the face of serious risks, or a conscious, culpable refusal to prevent harm." *Duane v. Lane,* 959 F.2d 673, 677 (7th Cir.1992). The defendant "must be both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must draw the inference." *Farmer v. Brennan,* 511 U.S. 825, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). A defendant must have "actual knowledge of impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it." *Duckworth v. Franzen,* 780 F.2d 645, 653 (7th Cir.1985), *cert. denied,* 479 U.S. 816, 107 S.Ct. 71, 93 L.Ed.2d 28 (1986). This total disregard for a prisoner's safety is the "functional equivalent of wanting harm to come to the prisoner." *McGill v. Duckworth,* 944 F.2d 344, 347 (7th Cir.1991). Negligence does not satisfy the "deliberate indifference" standard, *Sellers v. Henman,* 41 F.3d 1100, 1102 (7th Cir.1994), and it is not enough to show that a defendant merely failed to act reasonably. *Gibbs v. Franklin,* 49 F.3d 1206, 1208 (7th Cir. 1995). Even medical malpractice and incompetence do not state a claim of deliberate indifference. *Walker v. Peters* 233 F.3d 494 (7th Cir.2000).

> Under the Eighth Amendment, [a plaintiff] is not entitled to demand specific care. She is not entitled to the best care possible. She is entitled to reasonable measures to meet a substantial risk of serious harm to her.

*Forbes v. Edgar,* 112 F.3d 262, 267 (7th Cir.1997).

Mr. Majors' allegations are that he has suffered a great deal, but they do not allege deliberate indifference by any of the defendants. Mr. Majors was seen, evaluated, and treated. The allegation is that the treatment was negligent, but that does not state a claim for a Constitutional violation. Even if one or more of the defendants committed malpractice (a possibility the court does not address) this would not state a claim under § 1983. Malpractice (like a state tort claim) is a state law claim which must be brought in state court, not a federal law claim under either the Constitution or § 1983. The reasonable inferences from Mr. Major's allegations do not support a claim of deliberate indifference; at worst, they imply negligence, incompetence, or malpractice. For the forgoing reasons, this case is **DISMISSED** pursuant to 28 U.S.C. § 1915A.

**IT IS SO ORDERED.**