842 F.2d 899
 10 Fed.R.Serv.3d 1061
 BROWN BADGETT, INC. and Old Republic Companies, Petitioners,
v.
Ida JENNINGS (widow of Thomas Jennings); Director, Office
of Workers' Compensation Programs, United States
Department of Labor, Respondents.
 No. 87-3305.
 United States Court of Appeals,
Sixth Circuit.
 Argued Feb. 11, 1988.
Decided March 25, 1988.
 
 Mark E. Solomons (argued), Laura Metcoff Klaus Arter & Hadden, Washington, D.C., for petitioners.
 Ronald K. Bruce (argued), Madisonville, Ky., Office of the Solicitor, Michael J. Denney (argued), Thomas L. Holzman, Benefits Review Bd., U.S. Dept. of Labor, Washington, D.C., for respondents.
 Before MARTIN, JONES and NORRIS, Circuit Judges.
 BOYCE F. MARTIN, Jr., Circuit Judge.
 
 
 1
 Brown Badgett, Inc., appeals a decision of the Benefits Review Board awarding benefits to Ida Jennings under the Black Lung Benefits Act, 30 U.S.C. Sec. 901 et seq. The Review Board held that a deposition taken in violation of the 30-day notice requirement contained in 20 C.F.R. Sec. 725.458 is inadmissible unless the opposing party affirmatively waives this requirement. We reverse and remand.
 
 
 2
 On March 8, 1978, while still employed as a coal miner at Brown Badgett, Inc., Thomas Jennings filed a claim for black lung disability benefits. On September 9, 1978, shortly after being hospitalized for anterior chest pains, Mr. Jennings died as a result of an acute heart attack. The miner's widow, Ida Jennings, filed a survivor's claim for benefits on September 18, 1978.
 
 
 3
 Brown Badgett was notified of its potential liability on June 15, 1979, and, on March 11, 1980, the Deputy Commissioner of the United States Department of Labor entered an initial determination of entitlement to benefits. Following this decision, Brown Badgett requested a formal hearing before an administrative law judge. The notice of trial, issued on September 19, 1983, set the hearing for November 2, 1983.
 
 
 4
 On October 4, 1983, Brown Badgett's attorney[1] sent to Jennings' attorney, Mr. Ronald K. Bruce, a written notice stating that the deposition of Dr. William Anderson had been scheduled for October 31, 1983. Under the applicable regulations, however, Brown Badgett was required to give 30-days notice of this deposition. 20 C.F.R. Sec. 725.458. Therefore, the following day, October 5, Brown Badgett's attorney telephoned Mr. Bruce seeking a waiver of this requirement. Apparently, Brown Badgett's attorney intended to use Dr. Anderson's deposition testimony as evidence in two black lung benefits cases: the instant claim and the claim of Johnston v. Peabody Coal Co., 81-BLA 10943. Mr. Bruce admits that he waived the 30-day notice requirement in the Johnston claim, but he contends that he refused to waive that requirement with respect to Jennings' claim. Brown Badgett maintains that, during the telephone conversation, Mr. Bruce agreed to waive the 30-day notice requirement in both cases.
 
 
 5
 On October 11, 1983, Brown Badgett's attorney sent Mr. Bruce a letter informing him of the documents which Brown Badgett intended to offer as evidence at the hearing. This letter, however, was inadvertently sent to Mr. Bruce's partner, and Jennings claims that it was never forwarded to Mr. Bruce. Immediately prior to the November 2 hearing, Brown Badgett's attorney gave Mr. Bruce a copy of Dr. Anderson's deposition testimony. When Brown Badgett's attorney subsequently offered this deposition as evidence, Jennings objected on the grounds that 30-days notice had not been given.
 
 
 6
 The administrative law judge sustained the objection. At the hearing, the administrative law judge ruled that, under section 725.458, a party must specifically waive objection to defects in notice. After concluding that Mr. Bruce had not waived the objection to the defective notice, the administrative law judge did not allow Dr. Anderson's deposition to be made part of the record. By written order dated November 23, 1983, the administrative law judge affirmed this ruling. The administrative law judge subsequently entered a decision and order awarding benefits.
 
 
 7
 The Benefits Review Board upheld this decision. The Review Board recognized that the Federal Rules of Civil Procedure are generally incorporated into adjudications under the Black Lung Benefits Act by way of section 725.458.[2] The Review Board concluded, however, that the plain language of this regulation precluded the requirement of Fed.R.Civ.P. 32(d)(1) that objections to errors and irregularities be served in writing upon the party giving the notice or the objections are waived.[3] Therefore, the Review Board held, "a deposition taken in violation of the 30 day notice requirement set forth in 20 C.F.R. Sec. 725.458 is inadmissible without express or implied waiver of the notice requirement by the opposing party." The Board also concluded that the administrative law judge did not abuse his discretion in finding that there was no waiver under either parties' version of the facts.
 
 
 8
 Brown Badgett now appeals the Review Board's reading of section 725.458. This challenge involves the Review Board's interpretation of a legal question. As we stated in Gibas v. Saginaw Mining Co., 748 F.2d 1112 (6th Cir.1984), cert. denied, 471 U.S. 1116, 105 S.Ct. 2357, 86 L.Ed.2d 258 (1985), "the courts of appeals retain the plenary authority to review the Board's legal conclusions." Id. at 1119. We now reverse the Review Board's holding.
 
 
 9
 We reject the reasoning that the plain language of section 725.458 precludes the presumptive waiver language found in Rule 32(d)(1). The only facial inconsistency between the regulation and the federal rules regarding depositions is the regulations's specificity concering the length of notice required: section 725.458 requires 30-day notice, whereas Fed.R.Civ.P. 30(b)(1) merely requires that the party taking the deposition provide "reasonable notice" to the other parties. Section 725.458, however, does not specifically define waiver, and the regulation's language "unless such notice is waived" is not necessarily inconsistent with the affirmative objection requirement of Rule 32(d)(1). The regulation's language could be read as incorporating the rule's presumption of waiver. In order to resolve this ambiguity, we look to other provisions of the applicable statutes and the policies which animate the federal rules.
 
 
 10
 Section 24 of the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. Sec. 924, which has been incorporated by reference into the Black Lung Benefits Act at 30 U.S.C. Sec. 932(a), provides that "the testimony of any witness may be taken by deposition ... according to the rules of practice of the Federal district court for the judicial district in which the case is pending." Section 23(a) of the Longshore Act, 33 U.S.C. Sec. 923(a), provides that the inquiry at a hearing or by the Review Board is not bound by "technical or formal rules of procedure." Rather, hearings are to be conducted "in such manner as to best ascertain the rights of the parties." Id. These provisions suggest that section 725.458, the regulation at issue here, should be read so as to promote fundamental fairness.
 
 
 11
 The federal rules regulating discovery are directed toward the same goal. Together with other pretrial procedures, these rules "make a trial less a game of blind man's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent." United States v. Proctor and Gamble & Co., 356 U.S. 677, 682, 78 S.Ct. 983, 986, 2 L.Ed.2d 1077 (1958). The purposes underlying the federal rules are to avoid surprise and the possible miscarriage of justice and to eliminate the "sporting theory of justice." In re Halkin, 598 F.2d 176, 192 at n. 38 (D.C.Cir.1979); 8 Wright and Miller, Federal Practice and Procedure Sec. 2001 at 17-19 (1970).
 
 
 12
 Rule 32 embodies these same principles. As noted above, Rule 32(d)(1) provides that "[a]ll errors and irregularities in the notice for taking a deposition are waived unless written objection is promptly served upon the party giving the notice." This rule essentially requires that notice defects be pointed out promptly in order to give the erring party an opportunity to correct the mistake. By rendering technical objections to such errors or irregularities unavailable at trial, the rule enhances judicial efficiency and promotes substantial justice. Because we believe these principles are equally relevant to the administrative process, we hold that Federal Rule of Civil Procedure 32(d)(1) is applicable to hearings conducted pursuant to the Black Lung Benefits Act. Therefore, all errors and irregularities in the giving of the 30-day notice required under section 725.458 are waived unless written objection is promptly served upon the party giving notice. Thus, the decision of the Review Board is reversed, and this case is remanded.
 
 
 13
 Upon remand, however, the Review Board is not compelled to admit Dr. Anderson's deposition. In this appeal, Jennings has argued that no notice of the deposition was given. Jennings claims that, after Mr. Bruce declined to waive the objection to the insufficient notice, Mr. Bruce assumed that Dr. Anderson's deposition would not be taken for use in defense of Jennings' claim. Because Brown Badgett inadvertently sent the list of documents it intended to offer as evidence at the hearing to Mr. Bruce's partner, and because that list purportedly was not forwarded to Mr. Bruce, Jennings contends that she did not know that Brown Badgett would offer the Dr. Anderson deposition until moments before the hearing began. As substantiation for this claim, Jennings points out that, whereas Mr. Bruce sent an attorney to attend Dr. Anderson's deposition in regard to the Johnstone claim, Mr. Bruce did not send an attorney to the deposition on Jennings' behalf.
 
 
 14
 Obviously, it is impossible to serve a written objection to a defective notice if, in fact, no notice at all is provided. The language of Rule 32(d)(1) is limited to "errors and irregularities," and the last phrase, "upon the party giving notice," clearly implies that some notice must be given before any objections can be deemed to be waived. If notice is not provided, an adversary's rights to attend the deposition and cross-examine the witness are completely compromised, and the deposition may be excluded.
 
 
 15
 Thus, we merely hold that the deposition was excluded at the hearing for an improper reason. On remand, the Review Board is instructed to apply the law pertaining to Rule 32(d)(1) to the actual findings it will make in order to determine whether the deposition of Dr. Anderson should be admitted into evidence. We express no opinion as to the plausibility of Jennings' version of the story.
 
 
 16
 Accordingly, the decision and order awarding benefits is reversed, and the case is hereby remanded.
 
 
 
 [1]
 Brown Badgett is now being represented by different counsel
 
 
 [2]
 20 C.F.R. Sec. 725.458 provides, in pertinent part:
 The testimony of any witness or party may be taken by deposition or interrogatory according to the rules of practice of the federal district court for the judicial district in which the case is pending ... except that at least thirty days prior notice of any deposition shall be given to all parties unless such notice is waived.
 
 
 [3]
 Rule 32(d)(1) provides that "[all] errors and irregularities in the notice for taking a deposition are waived unless written objection is promptly served upon the party giving the notice."