**LOCK 26 CONSTRUCTORS, Plaintiff,**

v.

**JOHN MASSMAN CONTRACTING COMPANY and Mid–Continent Casualty Company, Defendants.**

**UNITED STATES of America, for the use of JOHN MASSMAN CONTRACTING COMPANY, Third Party Plaintiff,**

v.

**LOCK 26 CONSTRUCTORS, and Fireman's Fund Insurance Company, Third Party Defendants.**

**Civ. A. No. 89–1045A–T.**

United States District Court, D. Kansas.

Aug. 23, 1989.

John E. Burke, Edward F. Ryan, Claudia J. Lovelette, Burke, Bosselman & Weaver, Chicago, Ill., for plaintiff.

Frederick K. Starrett, Miller, Bash & Starrett, Overland Park, Kan., for defendants.

## OPINION AND ORDER

THEIS, District Judge.

On June 29, 1989, defendants John Massman Contracting Company and Mid–Continent Casualty Company filed a motion for protective order, a brief in support, and a request for expedited hearing. Dk. No. 1–3. On June 30, 1989, the court granted the defendants' motion and ordered: (1) that the deposition of Clement Winter taken on June 20, 1989 in Wichita be sealed; (2) that the transcript of the deposition not be turned over to plaintiff or its counsel or representatives until further order of the court; (3) that the deposition remain sealed and not be used in this action pending further order of the court; (4) that the court reporting firm be served a copy of the order; and (5) that defendants be awarded their fees for bringing the motion for protective order if their representations prove to be valid. Dk. No. 4.

The court has before it the plaintiff's response to the motion for protective order, in which plaintiff requests that the court reconsider and vacate the protective order. The defendants have not filed a reply and the time for so doing has expired. The court has considered the issues raised by the parties and has determined that the appropriate action is to deny the motion for protective order and vacate the order previously entered. The questions presented by

the defendants' motions should be resolved by the judge presiding over the underlying action, presently pending in the United States District Court for the Southern District of Illinois.

Defendants sought the protective order after plaintiff took the deposition of Clement Winter, a nonparty witness, in Wichita. Defendants assert that their attorney never received notice of the deposition. Therefore, the defendants requested, and the court ordered, that the deposition be sealed and not used in the underlying action, until further order of the court.

Defendants' motion raises two issues: whether plaintiff gave notice of the deposition and, if not, whether the deposition should be excluded from use in this action. Ordinarily, a protective order must be obtained before the date set for discovery. This rule does not necessarily apply, however, if the party had no opportunity to move for a protective order. 8 C. Wright & A. Miller, *Federal Practice and Procedure* § 2035, at 262–63 (1970). The court shall assume that a motion for protective order is the appropriate means to challenge the taking of the deposition at issue here.

■ Under Rule 32(a) of the Federal Rules of Civil Procedure, a deposition may be used at trial "against any party who was present or represented at the taking of the deposition or who had reasonable notice thereof...." A deposition notice must be served pursuant to Rule 5 of the Federal Rules of Civil Procedure. *See* 8 C. Wright & A. Miller, *supra*, § 2106; Fed.R.Civ.P. 5(a). A deposition notice may be served by mail, and if so, "[s]ervice by mail is complete upon mailing." Fed.R.Civ.P. 5(b); *see* 4A C. Wright & A. Miller, *Federal Practice and Procedure* § 1147 (2d ed. 1987). Non-receipt of a mailed notice does not affect the validity of the notice. 4A C. Wright & A. Miller, *supra*, § 1148; *see Carter v. McGowan*, 524 F.Supp. 1119, 1121 (D.Nev. 1981).

■ This court agrees with the statement of the Sixth Circuit, quoted in the defendants' motion, that "If notice is not provided, an adversary's rights to attend the deposition and cross-examine the witness are completely compromised, and the deposition may be excluded." *Brown Badgett, Inc. v. Jennings*, 842 F.2d 899, 902 (6th Cir.1988). This rule applies, however, only where "no notice at all is provided." *Id.* Defendants' counsel states in an affidavit that he did not receive the deposition notice. Plaintiff has submitted the affidavits of two of its attorneys and two legal secretaries, stating that two copies of the deposition notice (one file-stamped and one not) were mailed to defendants' counsel.

This court does not wish to decide the issue of whether proper notice of the deposition was given by plaintiff, as that issue would determine whether the deposition would be admissible at trial. This court, whose only connection with the case is the supervision of the taking of a deposition in the action pending in the Southern District of Illinois, should not rule on what constitutes admissible evidence. *See Celanese Corp. v. E.I. duPont de Nemours & Co.*, 58 F.R.D. 606, 611 (D.Del.1973). This decision is properly left for the trial judge.

IT IS BY THE COURT THEREFORE ORDERED that the defendants' motion for a protective order is hereby denied.

IT IS FURTHER ORDERED that the protective order dated June 30, 1989 (Dk. No. 4) is hereby vacated.