Accordingly, the Court denies the plaintiffs' motion to compel and motion for sanctions.

**William BORCHARDT, Plaintiff,**

v.

**UNITED STATES of America,
Defendant.**

**Civ. A. No. 90–C–0593.**

United States District Court,
E.D. Wisconsin.

Jan. 10, 1991.

Harry F. Peck, Peck & Carey, Milwaukee, Wis., for plaintiff.

Matthew V. Richmond, Asst. U.S. Atty., Milwaukee, Wis., for defendant.

## DECISION AND ORDER

REYNOLDS, Senior District Judge.

On November 19, 1990, plaintiff William Borchardt ("Borchardt") moved this court for an order permitting him to present the testimony of his expert witness, Kurt F. Konkel, M.D. ("Dr. Konkel"), at trial by the use of an evidentiary deposition rather than in person. Borchardt argues that the testimony of Dr. Konkel via deposition is necessary because the expense of having Dr. Konkel testify in person is greater than having him testify via a deposition. Borchardt estimates that the cost of presenting Dr. Konkel's live testimony would be at least $1,000 to $1,250 and that the cost of presenting testimony via deposition would be $375 (Nov. 1, 1990 Peck Aff. ¶¶ 4–7). Borchardt argues that this $625 to $875 cost differential justifies the use of Dr.

Konkel's deposition at trial because Borchardt's total claim against defendant United States of America ("United States") is only $12,402.19.

The United States objects to the use of Dr. Konkel's deposition at trial. First, the United States correctly points out that Rule 32(a)(3)(E) of the Federal Rules of Civil Procedure states that the deposition of a witness may be used at trial if the court finds that exceptional circumstances exist rendering the use of a deposition rather than live testimony desirable. The United States then argues that the cost differential between deposition and live testimony in this case is not an exceptional circumstance justifying the use of Dr. Konkel's deposition at trial.

Borchardt claims that on January 18, 1988, he was involved in a car accident with a tractor and trailer which was driven by Dale R. Krystowiak, an employee of the United States, and owned by the United States. Borchardt asserts that the accident was caused by Krystowiak's carelessness and negligence. In addition, Borchardt claims that the accident caused him severe and permanent injuries resulting in damages in the sum of $12,402.19. Of this amount, approximately $10,000 represents Borchardt's claim for pain and suffering (Dec. 26, 1990 Reply Brief at 1).

First, this court prefers to use the most cost-effective method of providing the facts to the fact-finder whenever possible. Dr. Konkel's testimony is important for establishing the medical injuries which Borchardt has experienced. There is not, however, any indication that the credibility of Dr. Konkel's testimony is in question. Although live testimony is preferable to deposition testimony, there is no need to insist upon live testimony when the credibility of the witness is not in question. This reasoning is especially applicable in a case such as this where the amount in dispute is minimal when compared to the cost of presenting live testimony at trial.

Second, the credibility of the testimony of Borchardt is what is critical for determining the amount of damages, if any, Borchardt is entitled to. The use of Dr.

Konkel's deposition testimony, rather than live testimony, at trial will not prohibit the United States from attacking Borchardt's claim that he has experienced pain and suffering in the amount of approximately $10,000. Thus, the facts of this case are an exceptional circumstance, as used in Fed.R. Civ.P. 32(a)(3)(E), and Dr. Konkel's testimony via deposition at trial will be permitted.

IT IS THEREFORE ORDERED that plaintiff William Borchardt's motion for permission to present the testimony of Kurt F. Konkel, M.D., at trial by the use of an evidentiary deposition is GRANTED.