**Gregory POPE, Plaintiff–Appellee,**

v.

**Stephen SHAFER, Defendant–Appellant.**

Nos. 95–2419, 95–2904.

United States Court of Appeals,
Seventh Circuit.

Argued April 24, 1996.

Decided June 7, 1996.

Michael B. Metnick, Frederick J. Schlosser (argued), Metnick, Wise, Cherry & Frazier, Springfield, IL, for Gregory D. Pope.

Gregory T. Riddle, John P. Schmidt (argued), Office of Atty. Gen., Springfield, IL, for Stephen Shafer.

Before POSNER, Chief Judge, and COFFEY and RIPPLE, Circuit Judges.

PER CURIAM.

Captain Stephen Shafer, an officer at the Western Correctional Center, appeals a jury verdict entered against him on a claim that he violated the Eighth Amendment rights of Gregory Pope. The district court entered judgment on the verdict and denied Captain Shafer's motion for post-trial relief. On this appeal, Captain Shafer presents but one contention—the sufficiency of the evidence. We affirm the judgment of the district court.

Gregory Pope, while an inmate at Western Correctional Center in Mount Sterling, Illinois, was threatened by three other inmates. There was credible evidence that Mr. Pope had informed a guard, Lieutenant Mendenhall, of these threats. Lieutenant Menden-

hall in turn telephoned the guard in charge of transfers that day, Captain Shafer. Captain Shafer already had learned from an internal affairs officer of Mr. Pope's need to transfer and had scheduled Mr. Pope for a move the next day. An immediate transfer in response to this latest threat was never made, however, and Mr. Pope was severely beaten by the three inmates that evening. He suffered severe injuries to his face, including fractures to the bones around his left eye, that required surgery and the insertion of a metal plate. He continues to suffer from severe headaches and double vision. Mr. Pope sued Lieutenant Mendenhall and Captain Shafer under 42 U.S.C. § 1983 for violation of his Eighth Amendment right to be free from cruel and unusual punishment.[1]

The case was tried before a jury, which found against Captain Shafer and awarded Mr. Pope $75,000 in compensatory damages. The jury found Lieutenant Mendenhall not liable. Judge Mills entered judgment on the jury verdict. He also awarded Mr. Pope $55,262.42 in attorney's fees. Judge Mills denied Captain Shafer's post-trial motions for relief from judgment.

Captain Shafer filed a motion for judgment as a matter of law pursuant to Fed.R.Civ.P. 50(b) or, in the alternative, for a new trial, Fed.R.Civ.P. 59. We review the denial of a Rule 50 motion *de novo. Mayer v. Gary Partners & Co.*, 29 F.3d 330, 335 (7th Cir.1994). We view the evidence "in the light most favorable to the nonmoving party and ascertain whether there exists 'any evidence upon which a jury could reach a verdict for the party producing it, upon whom the onus of proof is imposed.'" *Deimer v. Cincinnati Sub–Zero Products, Inc.*, 58 F.3d 341, 343–44 (7th Cir.1995) (quoting *Fulk v. Illinois Cent. R.R.*, 22 F.3d 120, 124 (7th Cir.1994)).

A.

Prison officials have a duty to take reasonable steps to insure the safety of inmates, including harm done by one inmate to another. *Farmer v. Brennan*, —— U.S. ——,

---

1. In 1994, this court reversed a summary judgment in favor of defendants in this case on the ground that plaintiff should have been given ad-ditional time for discovery. *Pope v. Mendenhall*, No. 92–3880, 1994 WL 64273 (7th Cir. March 2, 1994) (unpublished order).

——–——, 114 S.Ct.. 1970, 1976–77, 128 L.Ed.2d 811 (1994). The inmate must prove a sufficiently serious deprivation, i.e., conditions which objectively "pos[e] a substantial risk of serious harm." *Id.* at ——, 114 S.Ct. at 1977. The inmate also must show subjective culpability, establishing that the prison officials acted either deliberately or with "deliberate indifference" to the inmate's health or safety. *Id.* This latter element requires that the official "knows of and disregards an excessive risk to inmate health or safety." *Id.* at ——, 114 S.Ct. at 1979. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw that inference." *Id.* Thus, in order to establish the liability of a prison official, a plaintiff must establish that the official knew of the risk (or a high probability of the risk) and did nothing. *Billman v. Indiana Dep't of Corrections,* 56 F.3d 785, 788 (7th Cir. 1995). In failure to protect cases, "[a] prisoner normally proves actual knowledge of impending harm by showing that he complained to prison officials about a specific threat to his safety." *McGill v. Duckworth,* 944 F.2d 344, 349 (7th Cir.1991). Mere negligence (for example if a prison guard *should* know of a risk but does not) is not enough to state a claim of deliberate indifference under the Eighth Amendment. *Daniels v. Williams,* 474 U.S. 327, 332, 106 S.Ct. 662, 665–66, 88 L.Ed.2d 662 (1986). It is also not sufficient to show that the prison guard merely failed to act reasonably. *Gibbs v. Franklin,* 49 F.3d 1206, 1208 (7th Cir.1995).

■ The crucial question in this case is whether the jury reasonably could find that

Captain Shafer was "subjectively aware of the risk." *Farmer,* —— U.S. at ——, 114 S.Ct. at 1974. The jury was entitled to rely on both documentary and testimonial evidence that Captain Shafer had been notified by both Lieutenant Mendenhall and the internal affairs officer of the threat against plaintiff and the need for a transfer, and that he had done nothing to effect that transfer. Given the substantial and credible evidence of deliberate indifference, the jury was entitled to find that Captain Shafer's conduct constituted deliberate indifference.

### B.

■ Sanctions are justified pursuant to Federal Rules of Appellate Procedure 38 when the result of the appeal is obvious or when the appellant's argument is wholly without merit. *Kale v. Obuchowski,* 985 F.2d 360, 362–63 (7th Cir.1993); *Mars Steel Corp. v. Continental Bank N.A.,* 880 F.2d 928, 938 (7th Cir.1989) (*en banc*). This is particularly true where the appeal consists solely of attacks on the jury's assessment of the testimony.[2] Defendant here has done nothing more than try to convince us that the jury should have accepted his characterization of the events preceding the attack on plaintiff. He has not, for example, challenged the jury instructions or any evidentiary matters. Nor has he offered a serious argument that the evidence was insufficient.

Defendant shall have 15 days from the date of this order to file with the clerk an explanation as to why sanctions ought not be imposed for taking an unnecessary appeal.

---

2. *Cf. In the Matter of Generes,* 69 F.3d 821, 828 (7th Cir.1995) (appellant has only "re-assert[ed]" his own version of the facts, arguing that we should believe him and not" the appellees); *Ashkin v. Time Warner Cable Corp.,* 52 F.3d 140, 146 (7th Cir.1995) (imposing sanctions because "[o]nce the magistrate judge concluded that Ashkin was not credible, ... the possibility of success on appeal was virtually nonexistent"); *Rennie v. Dalton,* 3 F.3d 1100, 1110 (7th Cir.1993) (imposing sanctions for frivolous appeal based only on credibility questions; appellant did nothing more than "restate and reargue facts and credibility issues previously ruled upon in the district court"); *Tyson v. Jones & Laughlin Steel Corp.,* 958 F.2d 756, 762–63 (7th Cir.1992)

("sanctions appropriate where only challenge on appeal is to credibility of witnesses and weight of evidence; [b]are claims that ... one's own witnesses were more credible ... do not suffice"); *District No. 8, Int'l Ass'n of Machinists & Aerospace Workers v. Clearing, A Division of U.S. Industries, Inc.,* 807 F.2d 618, 622–23 (7th Cir. 1986) ("arguments before this court constitute nothing more than a restatement of its position rejected by the district court and attempt to plead that the district court should have credited its witnesses rather than the testimony presented by" the plaintiff/appellee) (quotations omitted). Sanctions may be imposed *sua sponte. Reis v. Morrison,* 807 F.2d 112, 113 (7th Cir.1986).

The judgment of the district court entered on the jury verdict in favor of plaintiff and against Captain Shafer is affirmed.

AFFIRMED