103 F.3d 133
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
J.T. SMITH, Plaintiff-Appellant,
v.
Odie WASHINGTON, et al.,[1] Respondents-Appellees.
 No. 96-1532.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 14, 1996.*
Decided Nov. 21, 1996.
 
 Before COFFEY, EASTERBROOK and KANNE, Circuit Judges.
 
 ORDER
 
 1
 J.T. Smith brought suit pro se under 42 U.S.C. § 1983, alleging that the defendants deprived him of his rights under the First, Fourth, Eighth, Ninth, and Fourteenth Amendments while incarcerated at the Menard Correctional Center. The district court dismissed the action without prejudice as frivolous and denied Smith's motion to proceed in forma pauperis on appeal under 28 U.S.C. § 1915(d).[2] Smith paid his filing fee and now seeks reversal of the district court's judgment. We affirm for the reasons stated below.
 
 
 2
 In his complaint, Smith alleged that he was a former member of the Black Disciples and that he had refused to follow an order from a gang leader which resulted in the gang leadership instructing others to kill him. Smith sought both protective custody and a transfer to another prison. Smith's § 1983 complaint sought relief in the form of monetary damages, a transfer to another correctional facility, the removal of all named defendants from their positions, and the restoration of one year of good time credit which he lost as a result of disciplinary proceedings for possession of dangerous contraband.
 
 
 3
 We first note that the materials that Smith has submitted to this court are rambling and largely incomprehensible. We liberally construe his pleading to see if he has stated any nonfrivolous claims against any of the defendants. Haines v. Kerner, 404 U.S. 519, 520 (1972); Antonelli v. Sheahan, 81 F.3d 1422, 1427 (7th Cir.1996).
 
 
 4
 A district court's determination that a claim is frivolous under 28 U.S.C. § 1915(d) is reviewed for abuse of discretion. Denton v. Hernandez, 504 U.S. 25, 33 (1992). However, we have noted that "this cannot be understood entirely literally. En route to determining that a claim is frivolous, the district court must determine whether it is legally insufficient, an issue purely of law on which appellate review is plenary." Billman v. Indiana Dept. of Corrections, 56 F.3d 785, 787 (7th Cir.1995). "Where discretion in a meaningful sense enters is where ... the district court, having decided that the complaint is legally insufficient, also decides that the suit is so hopeless that the plaintiff should be prevented from trying to save it by amending the complaint." Id. A complaint is deemed frivolous "where it lacks an arguable basis in either law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Even though the district court obviously did not have the opportunity to look at the allegations in Smith's brief on appeal we will. Bagola v. Kindt, 39 F.3d 779, 780 (7th Cir.1994); see also Highsmith v. Chrysler Credit Corp., 18 F.3d 434, 439-40 (7th Cir.1994).
 
 
 5
 Smith alleges that several of the defendants were involved in a conspiracy to commit murder or cause severe bodily harm to him, apparently based on alleged inaction on their part, although it is difficult to determine which defendants are alleged to have been involved in this conspiracy. To establish an Eighth Amendment claim, a party must show that he was incarcerated under conditions posing a substantial risk of serious harm which defendants knowingly disregarded. Farmer v. Brennan, 114 S.Ct. 1970, 1977-79 (1994); Pope v. Shafer, 86 F.3d 90, 92 (7th Cir.1996). " 'One does not have to await the consummation of threatened injury to obtain preventative relief.' " Farmer v. Brennan, 114 S.Ct. 1970, 1983 (1994) (quoting Pennsylvania v. West Virginia, 262 U.S. 553, 593 (1923)). Where there is a threat of serious harm an inmate may be entitled to injunctive relief, which we find Smith has conceivably requested by asking that he be removed from the Menard Correctional Center.
 
 
 6
 Since Smith tendered to the district court a copy of a report from the Administrative Review Board (ARB) as an exhibit, we may consider this part of his complaint. (R. 3 (last page)). The report shows that on November 22, 1994, the Illinois Department of Corrections' ARB met to consider Smith's grievance pertaining to his pending removal from the Protective Custody Unit to general population. The ARB stated that Smith was unable to and never identified, by name, anyone who had threatened him.[3] After reviewing all the available information the Board found that "Inmate Smith has not provided sufficient, specific information to warrant protective custody and recommends he be placed in general population." (R. 3 (last page)). This report demonstrates that the prison officials responded reasonably to the alleged risk and were therefore free from liability. Id. at 1982-1983.
 
 
 7
 During a January 1995 disciplinary action for possession of a dangerous contraband, Smith received a disciplinary determination of one year across the board.[4] In his appellate brief, Smith asserts that all of the defendants violated his due process rights by either altering disciplinary proceedings, falsifying grievances, malicious prosecution, suborning perjury at the hearing, or for later approving the disciplinary action taken.
 
 
 8
 Smith challenges the legality of this disciplinary proceeding, and seeks monetary damages and the restoration of all good time credits that he lost. As both of these claims attack the validity or lawfulness of the length of Smith's confinement, he is required to exhaust state remedies prior to bringing this claim in federal court. Heck v. Humphrey, 114 S.Ct. 2364, 2370 (1994); Evans v. McBride, 94 F.3d 1062, 1063-64 (7th Cir.1996); Miller v. Indiana Dept. of Corrections, 75 F.3d 330 (7th Cir.1996).[5] The district court properly dismissed this claim as frivolous since Smith failed to allege that the disciplinary determination had been annulled or that he had exhausted state court remedies. Heck v. Humphrey, 114 S.Ct. 2364, 2372 (1994); Evans v. McBride, 94 F.3d 1062, 1063-64 (7th Cir.1996). Smith's claim for malicious prosecution was also properly dismissed as frivolous, since he neither alleged nor proved that his disciplinary determination had been terminated in his favor. Heck v. Humphrey, 114 S.Ct. 2364, 2371 (1994).
 
 
 9
 Smith has asserted a host of other claims which we will discuss only briefly as the district court properly determined that they were all frivolous. Smith alleged that several defendants committed dereliction of duty in allowing the other events in his complaint to occur. However, a claim of negligence does not support a § 1983 claim for a violation of due process. Daniels v. Williams, 474 U.S. 327, 328 (1986); Zarnes v. Rhodes, 64 F.3d 285, 290 (7th Cir.1995).
 
 
 10
 Smith also alleged that defendant Marla Zielinski embezzled, stole, or misappropriated funds from his inmate trust fund, establishing a claim for a deprivation of property without due process of law. This claim has no arguable basis in law or fact, since Smith has (or had) available an adequate post-deprivation remedy in the Illinois Court of Claims. Doherty v. City of Chicago, 75 F.3d 318, 323 (7th Cir.1996).
 
 
 11
 In yet another claim, Smith alleges that his grievance reports, which he attempted to mail to the "I.D.O.C. chain of command," were delayed and tampered with by defendant Carmen Peters, a Grievance Officer, in violation of his due process rights. This claim is frivolous because, "a state's inmate grievance procedures do not give rise to a liberty interest protected by the due process clause." Antonelli v. Sheahan, 81 F.3d 1422, 1430 (7th Cir.1995) (citing Azeez v. DeRobertis, 568 F.Supp. 8, 10 (N.D.Ill.1982)).
 
 
 12
 Smith contends that he was denied access to the law library and that the alleged tampering and delay of mail resulted in prejudice to his chances to recover in state court. These new claims are not consistent with the complaint and are waived since they were not raised in the district court. Weber v. Murphy, 15 F.3d 691, 695 (7th Cir.1994), cert. denied, 114 S.Ct. 1865 (1994).
 
 
 13
 Smith's allegation that an unknown officer committed "defamation of privacy, slander" does not even come close to what is required to state a defamation claim and would have properly been dismissed as frivolous under Neitzke v. Williams, 490 U.S. 319, 325 (1989).
 
 
 14
 We find that the district court properly dismissed all of Smith's claims as frivolous.
 
 
 15
 AFFIRMED.
 
 
 
 [1]
 The other parties in this claim are William Barham, Thomas Page, David Elam, Dan Ohlau, Capt. R. Shepard, Capt. Young, Lt. Mitchell, Lt. C.H. Heins, Sgt. Linder, Sgt. Westerman, Officer Cloths, Officer Gale, Officer Kearns, Officer Miner, Officer R. Hale, Counselor Scwarz, Counsel Pedro, Marla Zielinski, Carmen Peters, and Unknown Party
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)
 
 
 [2]
 This section was amended by the Prison Litigation Reform Act, Pub.L. No. 104-134, § 804 (Apr. 26, 1996). Section 804 of the Act recodified § 1915(d) with § 1915(e), which is substantially similar
 
 
 [3]
 Although it should be noted that the Eighth Amendment does not require that an inmate seeking injunctive relief give prison officials advance notice of a particular fellow prisoner who poses a substantial risk of assault to the inmate. Farmer v. Brennan, 114 S.Ct. 1970, 1985 n. 10 (1994)
 
 
 [4]
 "One year across the board" denotes the revocation of one year of good time credits, one year in segregation, and one year's demotion to C-grade status
 
 
 [5]
 This issue is currently before the Supreme Court in Edwards v. Balisok, certiorari granted, --- U.S. ----, 116 S.Ct. 1564, 134 L.Ed.2d 664 (1996)