**Daniel M. BOBROSKY, Plaintiff,**

v.

**Patricia Ann VICKERS, Defendant.**

**Civil Action No. 91–0129–B.**

United States District Court,
W.D. Virginia,
Big Stone Gap Division.

Feb. 14, 1997.

Henry Keuling–Stout, Big Stone Gap, VA, Jerry Dishner, Gate City, VA, for Plaintiff.

C. Adrian White, Bristol, VA, for Defendant.

Ronald Thomason, Norton, VA, for Interested Party Federal Insurance Company.

Larry B. Kirksey, Bristol, VA, for Interested Party Merastar Insurance Company.

Pamela Meade Sargent, Abingdon, VA, for Interested Party Aetna Casualty & Surety Co.

Timothy Ward Gresham, Abingdon, VA, for Interested Party Westmoreland Coal Company.

### MEMORANDUM OPINION

KINSER, United States Magistrate Judge.

Plaintiff filed this action under the court's diversity jurisdiction, 28 U.S.C. § 1332, and alleged personal injuries as a result of a motor vehicle accident on August 16, 1989. Presently pending before the undersigned[1] is defendant's motion to use three medical depositions at the trial of this case in lieu of live testimony. For the reasons stated hereinafter, the court will grant defendant's motion as to one of the depositions and deny it as to the remaining two.

### I.

The specific depositions which defendant seeks to use at trial are those of Drs. Richard Stephen Fulmer, Neal Jewell, and Michael Moore. Defendant deposed these doctors after giving notice to plaintiff's counsel.[2]

---

**1.** All discovery issues were referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A).

**2.** During the course of this litigation, plaintiff has had several different attorneys representing him. Thus, his current attorneys did not participate in all three depositions. He was, however, represented by counsel at all the depositions.

The notices included some variation of language advising that the depositions would be used for evidence or discovery and/or for any other purpose allowed under the Federal Rules of Civil Procedure.[3] Despite defendant's assertion that all counsel participating in the respective depositions understood and agreed that the depositions would be used at trial, there is no written agreement or stipulation except in Dr. Fulmer's deposition. At the beginning of his deposition, there is a stipulation which states: "The deposition of *DR. RICHARD STEPHEN FULMER* was taken on behalf of the Defendant, pursuant to notice, for the purpose of being read into evidence in Court Proceedings in the above action...." (Fulmer Deposition ("Dep.") at 3). Further evidence of defendant's intent that the depositions were to be used at trial is found in some of the questions. For example defendant's counsel asked Dr. Fulmer to "briefly tell the Court and the Jury your educational background and training which qualifies you for your profession as a clinical psychologist." (Fulmer Dep. at 5). In Dr. Jewell's deposition, defendant's counsel asked Dr. Jewell to "tell the jury what an orthopedic surgeon is and what they deal in." (Jewell Dep. at 3). Defendant's counsel similarly used language such as "for the benefit of the jury" in Dr. Moore's deposition. (Moore Dep. at 52).

## II.

In support of her motion to use these depositions, defendant makes three arguments. Defendant asserts that "exceptional circumstances" under Federal Rule of Civil Procedure 32(a)(3)(E) exist because of the great expense incurred by deposing these doctors under the belief that the depositions would be used at trial and the possible hostil-

ity which the doctors may exhibit upon being advised that they must now appear at trial. Defendant also notes that plaintiff has sued two of the doctors in separate actions and amended this suit to allege an aggravation of plaintiff's injuries by the doctors. These circumstances, argues defendant, will make the doctors even more reluctant to testify at trial. In the alternative, defendant asserts that because the notices advised that the depositions would be used for more than discovery and plaintiff failed to object, plaintiff has waived any objection based on Rule 32. Defendant finally argues that plaintiff's lack of objection coupled with the method of questioning in the depositions evidence the parties' agreement that the depositions would be used at trial, and in this regard particularly directs the court's attention to the stipulation at the beginning of Dr. Fulmer's deposition.

In response to these arguments, plaintiff denies there was any agreement that the depositions could be used at trial and asserts that any such agreement would have to be in writing pursuant to Rule 29. Plaintiff also contends that defendant has failed to demonstrate "exceptional circumstances" as contemplated by Rule 32, so there is no reason defendant should be allowed to use the depositions instead of live testimony.

## A.

▉ The court first addresses the defendant's argument that the depositions should be allowed because of "exceptional circumstances." Rule 32 assumes that under normal circumstances the deposition of a witness will *not* be used at trial in lieu of that witness's live testimony.[4] However, Rule 32(a)(3) sets out five instances in which a deposition may be used at trial. The first is

---

3. The notice for Dr. Fulmer's deposition stated that it was "for discovery and all purposes allowed under the Rules of Court...." Two notices were issued for Dr. Jewell's deposition. The first one stated that the deposition "shall be taken for pre-trial discovery and any other purpose allowed by the Rules." The second notice, which was not filed with the Clerk of this court but which defendant's counsel attached to her brief, stated that the deposition "shall be taken to be read into evidence and any other purpose allowed by the Rules." Because the date of Dr. Moore's deposition was changed several times, three separate notices were issued. All three

stated that the deposition was "for the purpose of discovery or for use as evidence in the above action, or for both purposes." (Defendant's Brief Exhibits A–F).

4. Rule 32(a)(1) allows any party to use any deposition for the purposes of contradiction or impeachment of a witness. Rule 32(a)(2) allows adverse parties to use the deposition of an officer, director, managing agent or certain designated individuals of a corporation, partnership, association or governmental agency which is a party for any purpose.

if the witness is dead. Fed.R.Civ.P. 32(a)(3)(A). The second is if the witness is at a greater distance than 100 miles from the place of the trial or hearing or is out of the United States.[5] Fed.R.Civ.P. 32(a)(3)(B). The third is if the witness is unable to attend because of age, illness, infirmity, or imprisonment. Fed.R.Civ.P. 32(a)(3)(C). The fourth is if the party offering the deposition has been unable to procure the witness's attendance by subpoena. Fed.R.Civ.P. 32(a)(3)(D). Defendant concedes that none of these four situations exist in this case; instead, defendant focuses the court's attention on the fifth instance, in which the court, in its discretion, may allow use of a deposition upon application and notice if there are "exceptional circumstances." Fed.R.Civ.P. 32(a)(3)(E).

In examining whether "exceptional circumstances" exist, the court must view a factual situation through the lens of two specific considerations incorporated into the rule's subsection. The rule contemplates that "exceptional circumstances" are to be measured in terms of whether it is "desirable, in the interest of justice and with due regard to the importance of presenting live testimony of witnesses orally in open court" to allow a deposition's use. Fed.R.Civ.P. 32(a)(3)(E). It is especially significant that the drafters wanted courts to give due consideration to the importance of presenting live testimony. *See* 8A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2141 (2d ed. 1994) ("The restrictions imposed by Rule 32 make it clear that the federal rules have not changed the long-established principle that testimony by deposition is less desirable than oral testimony and should ordinarily be used as a substitute only if the witness is not available to testify in person.").

Given this background, the court now examines whether there are "exceptional circumstances" in this case. Other courts which have tried to determine whether a given situation constitutes "exceptional circumstances" have usually looked to the ex-

pressly written exceptions in Rule 32 for guidance. *Griman v. Makousky,* 76 F.3d 151, 153 (7th Cir.1996) ("The other subsections of Rule 32(a)(3) make clear that it is not only a party's need for the evidence in a deposition, but also the nature of the circumstances that have made the deponent unavailable to testify, that determines whether the circumstances can be thought exceptional."). That is, the inquiry has been whether the situation is appropriately analogous to the unavailability of a witness because of death; the witness's distance greater than 100 miles from the courthouse; the witness's age, illness, infirmity, or imprisonment; or the party's inability to procure the witness through subpoena. For example, in *Huff v. Marine Tank Testing Corp.,* 631 F.2d 1140 (4th Cir. 1980), the Fourth Circuit held a district court did not abuse its discretion when it allowed plaintiff to use defendant's deposition at trial, despite failing to subpoena defendant, after defendant's attorney assured plaintiff's counsel during a pre-trial conference that defendant would be present at trial, and defendant's absence was a completely unexpected turn of events. 631 F.2d at 1142–43.

■ Defendant in this case argues that "exceptional circumstances" exist because of the great expense with which the depositions were taken; because she took the depositions with the expectation that they would be used at trial; and that the witnesses, all of whom are doctors, have busy practices and might get angry or hostile if subpoenaed to the trial after giving such lengthy depositions. Federal court, unlike Virginia state court, does not consider doctors automatically unavailable for the purpose of allowing their depositions to be used in lieu of live testimony.[6] *Allgeier v. United States,* 909 F.2d 869, 875–76 (6th Cir.1990) (Doctors are not considered automatically unavailable in federal court and to so hold was district court's abuse of discretion.); *Frechette v. Welch,* 621 F.2d 11, 14 (1st Cir.1980) (Rule 32(a)(3) pre-

---

**5.** *See Tatman v. Collins,* 938 F.2d 509 (4th Cir. 1991) (For the purposes of applying Rule 32(a)(3)(B), the place of trial is the courthouse where the trial takes place.).

**6.** Virginia R.Civ.P. 4:7(a)(4) states: "The deposition of a witness ... may be used by a party for

any purpose ... if the court finds ... (E) that the witness is ... a physician, surgeon, dentist, or registered nurse who, in the regular course of his profession, treated or examined any party to the proceeding...."

vails over conflicting practice in state court.). Courts have split on whether a doctor's extremely busy schedule or other extenuating circumstances may rise to the level to be considered "exceptional circumstances" for the purpose of Rule 32(a)(3)(E). *Angelo v. Armstrong World Indus., Inc.,* 11 F.3d 957, 963–64 (10th Cir.1993) (Doctor's "extremely busy" schedule was not "exceptional circumstances" under Rule 32(a)(3)(E).); *Melore v. Great Lakes Dredge & Dock Co.,* No. CIV. A.95–7644, 1996 WL 548142, at *3–4 (E.D.Pa. Sept. 20, 1996) (Subpoenaed doctor who wrote letter advising court of her "absolute unavailab[ility]" constituted "exceptional circumstances."); *Rubel v. Eli Lilly and Co.,* 160 F.R.D. 28, 29 (S.D.N.Y.1995) (Doctor in practice group of four physicians who because of the uncontrollable absence of the other three doctors had to temporarily handle entire practice alone presented "exceptional circumstances," although deposition was still not allowed and doctor's testimony was instead rescheduled.); *Borchardt v. United States,* 133 F.R.D. 547 (E.D.Wis. 1991) (Cost differential of $375 for deposition testimony and between $1,000 and $1,250 for live testimony was "exceptional circumstance" where plaintiff's total claim was only $12,402.); *Reber v. General Motors Corp.,* 669 F.Supp. 717, 720 (E.D.Pa.1987) (Rule 32(a)(3)(E) satisfied where doctor who was not expected to be within 100 miles of courthouse returned but indicated he could not testify because of a heavy surgical schedule and both parties admittedly expected that doctor's deposition would be used at trial.). Defendant has not, however, presented any evidence or even asserted that the doctors' schedules or personal circumstances would preclude them from being able to appear in court. Instead, defendant suggests that the depositions themselves and the potential hostility of the doctors are sufficient. However, the court finds that these justifications do not rise to the level of "exceptional circumstances."

### B.

■ Alternatively, defendant points to Rule 32(d)(1), which states that errors and irregularities in the notice are waived unless written objection is promptly served upon the party giving the notice. Thus, defendant argues, because plaintiff did not object, prior to the taking of the depositions, to the language in the notices stating that the depositions were to be used for evidence and/or discovery, his silence constitutes an acquiescence and waiver.

■ Rule 32(d)(1) applies only to deficiencies in the validity of the notice for the purposes of the effectiveness of the notice itself. Rule 30(b) states the general requirements of a deposition notice, which include such things as the time and place for the taking of the deposition and the name and address of each person to be examined. If a party inadvertently has an error in the notice that would make it defective, those errors are waived if the opposing party does not promptly object. "This rule essentially requires that notice defects be pointed out promptly in order to give the erring party an opportunity to correct the mistake." *Brown Badgett, Inc. v. Jennings,* 842 F.2d 899, 902 (6th Cir.1988). Rule 32(d)(1) does *not* authorize a party unilaterally to change the discovery rules and admit depositions for use at trial. Rule 29 sets out the manner in which parties may alter deposition discovery procedure—through written stipulation. It would be incongruous for the court to allow one party to change the rules regarding the taking and use of depositions by merely sending opposing counsel a notice when the drafters have so clearly already set out in the rules themselves the proper way to do so. The court thus holds that the notices and/or plaintiff's failure to object before the taking of the depositions cannot be used to circumvent the requirements of Rule 32.

### C.

Defendant finally argues that the parties agreed and the depositions were taken with the understanding that they would be used at trial. Defendant points to the stipulation which is incorporated at the beginning of Dr. Fulmer's deposition, the language in the notices and plaintiff's lack of objection, and the method of questioning during the depositions.

Rule 29 allows the parties, by written stipulation, to modify the procedures for the taking and use of depositions. Thus, where the parties have agreed in writing, the requirements of Rule 32 may be waived. In this way, depositions of witnesses have in many cases been used at trial in lieu of live testimony. In fact, their admission at trial has so often not even been an issue that in most instances courts review depositions as substantive evidence without mentioning the manner in which they became part of the record. *See* 8A Wright & Miller § 2151.

■ The crux of this dispute is then whether the evidence before the court is sufficient to satisfy Rule 29's requirement of a stipulation or agreement in writing that the parties agreed to use the depositions at trial. The court first considers the written stipulation in Dr. Fulmer's deposition. The court takes the stipulation for its face value. It appears to satisfy the requirements of Rule 29, as it unequivocally states that the deposition is for the purpose of being read into evidence. Dr. Fulmer's deposition may thus be used at trial.

■ The other two depositions present more difficult questions. Defendant argues that plaintiff's failure to object to the notices coupled with the manner in which the depositions were taken, that is, that the deponents were asked to address their responses to a hypothetical jury, and the extensive cross-examination, evince an agreement that the depositions were taken for use at trial. In federal court there is no distinction between discovery and trial depositions. *Henkel v. XIM Products, Inc.,* 133 F.R.D. 556, 557 (D.Minn.1991). Any deposition of a witness, regardless of the questioning and cross-examination, may automatically be available for use at trial if one of the conditions of Rule 32(a)(3) is met. For example, if a deponent is dead at the time of trial, his/her deposition would automatically be available for use, even if one of the parties did not cross-

examine the witness at all.[7] "Parties who so conduct depositions always run the risk that a deposition will be rendered usable as of right by the death or absence of the witness when the trial eventually takes place." *Rubel,* 160 F.R.D. at 30. The converse is also true; the method of questioning and cross-examination, or lack thereof, should not be a primary consideration in allowing a deposition to be used at trial.[8] Thus, the court will not allow the depositions of Drs. Moore and Jewell to be used in lieu of live testimony at trial.

■ The court makes one final observation. With the thankfully genteel practice of law which generally predominates in the Western District of Virginia, there have been, in all likelihood, many cases in which one or both parties have taken depositions with the intent and understanding, either spoken or unspoken, that the depositions would be used at trial, and in fact the depositions were used at trial without objection. Attorneys are well-advised, however, that if they wish to take a deposition of a witness for use at trial in federal court and wish to avoid the complications which have arisen in this case, they must have a written stipulation or other agreement in writing that all parties have agreed to such use, unless of course, they otherwise satisfy the requirements of Rule 32.

---

7. The court notes that, of course, the Federal Rules of Evidence would still apply to the deposition and could possibly be grounds for objecting to the deposition in whole or in part.

8. Some courts have considered the opportunity to cross-examine in Rule 32(a)(3)(E) cases when deciding whether use of a deposition would be in the interest of justice, but not as evidence of the questioning attorney's intent. *See Huff,* 631 F.2d at 1143.